IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

IN RE: C.R. BARD, INC.,
    PELVIC REPAIR SYSTEM
      PRODUCTS LIABILITY LITIGATION            MDL 2187

---

THIS DOCUMENT RELATES TO:

*Caylor v. C. R. Bard, Inc.*                       Civil Action No. 2:13-cv-06317

## MEMORANDUM OPINION AND ORDER

Before the court is the Motion to Withdraw as Attorney of Record, filed by counsel for the plaintiff on January 31, 2018 [ECF No. 10]. Neither the plaintiff nor the defendant has filed an opposition, and the time to file a response has expired. Thus, the matter is ripe for adjudication.

According to the attached motion to withdraw, Randi Kassan and Marc Grossman of Sanders Viener Grossman, LLP seek leave to withdraw as counsel under Local Civil Rule 83.4.[1] As justification for the withdrawal, counsel state that an irreconcilable conflict exists between attorney and client, without elaborating further.

The court does not find counsels' appraisal of how this case should proceed, and the subsequent disapproval by the plaintiff, as adequate grounds for withdrawal. By agreeing to appear on behalf of the plaintiff's interest in this case, counsel accepted the ethical responsibility to pursue this matter diligently and through to its

---

[1] In moving for relief, counsel cite incorrectly to Local Rule of Criminal Procedure 44.4, which is inapplicable to this civil case. For purposes of review, the court considered the motion under the correct local civil rule.

conclusion. Model Code of Prof'l Responsibility r. 1.3 (Am. Bar Ass'n 1980). Similar ethical considerations "confer[] upon the client the ultimate authority to determine the purposes to be served by legal representation." *Id.* at r. 1.2. Attorneys, on the other hand, are obliged to "*abide* by a client's decisions" concerning the objectives of representation. *Id.* (emphasis added). Fundamental disagreements with a client *permits* an attorney to withdraw from the representation in certain cases, such as cases wherein the disagreement is irreconcilable. Here, the court is reluctant to grant counsels' request as it is certain to disrupt the effective administration of justice given the impending discovery deadlines and the lack of remaining counsel. Furthermore, the court is not convinced that the present, as described by counsel, is a sufficient basis to support a finding that irreconcilable differences exist between counsel and the plaintiff. Without more, I find that counsel has failed to demonstrate the requisite good cause to withdraw as counsel under Local Rule 83.4.

I. Conclusion

For the reasons stated above, it is **ORDERED** that the Motion to Withdraw as Attorney of Record [ECF No. 10] is **DENIED**. It is further **ORDERED** that plaintiff's counsel send a copy of this Order to the plaintiff via certified mail, return receipt requested, and file a copy of the receipt. The court further **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: March 12, 2018

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE